NOT DESIGNATED FOR PUBLICATION

No. 120,454

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL DETWILER,
*Appellant*,

v.

THOMAS OVERTON,
*Appellee.*

MEMORANDUM OPINION

Appeal from Franklin District Court; ERIC W. GODDERZ, judge. Opinion filed May 31, 2019.
Affirmed.

*Jonathan R. Clayton*, of Law Office of Jon Clayton, of Lenexa, for appellant.

*Kevin D. Weakley* and *Ellen C. Rudolph*, of Wallace Saunders, Chartered, of Overland Park, for
appellee.

Before MALONE, P.J., SCHROEDER, J., and MCANANY, S.J.

PER CURIAM: Daniel Detwiler appeals the district court's summary judgment
denying his negligence claim, arguing there are factual disputes about whether Thomas
Overton negligently or intentionally hit Detwiler with his pickup. Upon review, we agree
with Overton the only evidence presented reflects an intentional act and the one-year
statute of limitations applies. We affirm.

1

FACTS

On November 5, 2016, Detwiler was at Lane Tavern in Lane, Kansas. While there, Detwiler became involved in a physical altercation with others, including Overton's minor son.

Detwiler left the tavern, walking east on Fourth Street. Detwiler walked between the gravel and grass along the north side of the road. Overton drove his pickup east on Fourth Street, along the south side of the road. Detwiler claims Overton hit him with his pickup. Overton denies hitting Detwiler with his pickup. Upon stopping, Overton exited his pickup, confronted Detwiler, and the two men engaged in a physical altercation. Law enforcement arrested Overton and he eventually pled to one count of misdemeanor battery.

Over a year later, Detwiler sued Overton, alleging Overton negligently operated his pickup and because of his negligence, Overton injured Detwiler. The parties deposed each other. Detwiler testified that as he walked away from the tavern, he heard something behind him, turned, saw two headlights, and was hit by Overton's vehicle. Detwiler testified the vehicle hit his right shoulder. He also testified he believed Overton intentionally hit him with his pickup. Overton testified he never hit Detwiler with his pickup.

Overton moved for summary judgment, arguing Detwiler's claims were for recovery of an intentional tort, not negligence. According to Overton, Detwiler could not recover because his claims were filed after the one-year statute of limitations under K.S.A. 60-514(b).

During argument on Overton's motion, Overton told the district court there was no evidence to establish he acted negligently. Based on the depositions, Overton explained

2

there were only two possible outcomes—Overton intentionally hit Detwiler or he did not hit Detwiler at all. Overton also explained the State originally charged him with felony vehicular battery, but he agreed to plead to misdemeanor battery. The factual basis for the plea is not in the record on appeal. Overton argued Detwiler's deposition testimony was an admission against interest and showed Overton committed an intentional tort.

Detwiler responded to the summary judgment motion, claiming his own deposition testimony was inadmissible because he speculated about Overton's intentions during the deposition. Detwiler also argued Overton's conviction was irrelevant because it was related to the fight between the two men, not the alleged automobile collision. According to Detwiler, he sustained a torn rotator cuff caused by being struck by Overton's pickup, and he received different injuries from the fight. Thus, according to Detwiler, a jury would first have to determine whether Overton hit Detwiler before it could decide whether Overton did so negligently or deliberately.

The district court agreed with Overton. During the hearing, the court noted Detwiler was not speculating about Overton's intentional acts. Instead, the district court found Overton drove down the road, crossed over the center, and intentionally hit Detwiler. The district court granted summary judgment in favor of Overton. Based on *Baska v. Scherzer*, 283 Kan. 750, 156 P.3d 617 (2007), the district court found Detwiler's claims were for the intentional tort of battery, not negligence. Thus, Detwiler's claims were barred by the one-year statute of limitations.

ANALYSIS

To recover against a defendant for a claim of negligence, a plaintiff must prove the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform the duty, and the defendant's failure resulted in plaintiff's injury. Stated another way, negligence is the unintentional breach of a legal duty causing damage reasonably

3

foreseeable, and without the breach, the damage would not have occurred. *Baska*, 283 Kan. at 756. To recover for a defendant's negligence, the plaintiff must bring his or her claim within two years of the date of the incident. K.S.A. 60-513(a)(4).

Battery is "the unprivileged touching or striking of one person by another, done with the intent to cause a contact, or an apprehension of contact, that is harmful or offensive." PIK Civ. 4th 127.02 (2018 Supp.). A plaintiff bringing a claim for battery— an intentional act—must commence the action within one year. K.S.A. 60-514(b).

Here, the district court granted summary judgment against Detwiler because it found Overton committed a battery and Detwiler's claim was barred by the one-year statute of limitations. Detwiler alleges the district court erred in granting summary judgment against him because there were materially disputed facts and no evidence to support a finding Overton acted intentionally.

> "'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and when we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" *Patterson v. Cowley County, Kansas*, 307 Kan. 616, 621, 413 P.3d 432 (2018).

In a negligence action, summary judgment is generally proper when the only questions presented are questions of law. *Martin v. Naik*, 297 Kan. 241, 245, 300 P.3d 625 (2013). A party cannot avoid summary judgment on the mere hope that something

may develop later during discovery or at trial. Likewise, mere speculation is insufficient to avoid summary judgment. *Kincaid v. Dess*, 48 Kan. App. 2d 640, 656, 298 P.3d 358 (2013).

Detwiler first argues there is a factual dispute that precludes summary judgment. An issue of fact is not genuine unless it has legal controlling force as to the controlling issue. A disputed question of fact which is immaterial to the issue does not preclude summary judgment. In other words, if the disputed fact, however resolved, could not affect the judgment, it does not present a "genuine issue" for purposes of summary judgment. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106 (2013).

In his petition, Detwiler alleged Overton negligently struck him with his pickup, but Overton testified he never hit Detwiler with his pickup. On appeal, Detwiler claims this factual dispute is a genuine issue of material fact and, thus, the district court erred in granting summary judgment.

Detwiler is incorrect. Detwiler's factual dispute is not a genuine issue because resolution of the disputed facts does not affect summary judgment. The district court granted summary judgment because it found Overton committed an intentional act. Even if this court determined the factual dispute favored Detwiler, it would only determine Overton struck Detwiler. But whether Overton did so intentionally or negligently would still remain unresolved. Detwiler's factual dispute whether Overton struck him with his pickup presents no genuine issue and does not preclude summary judgment. See *Northern Natural Gas Co.*, 296 Kan. at 934.

Next, Detwiler correctly argues Overton's criminal charges cannot support finding Overton acted intentionally. Although Overton was first charged with vehicular battery, he pled to a simple battery charge with Detwiler as the victim. There is nothing in the

5

appellate record showing whether Overton pled guilty or no contest to the charges. The appellate record is also silent about whether Overton's battery plea was for hitting Detwiler with his pickup or with his fists in the ensuing fight.

Even so, there is still admissible evidence to support the district court's summary judgment findings—Detwiler's deposition testimony. According to Detwiler, he speculated when he testified he believed Overton intended to hit him with his pickup. He claims his speculation is inadmissible under K.S.A. 60-254, the statute addressing judgments. Detwiler fails to cite relevant authority to support his argument. He has therefore waived this argument, but out of an abundance of caution, we will address it. See *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015).

Presuming without deciding Detwiler properly briefed this argument, it lacks persuasion. Detwiler likely intended to support his claim by citing K.S.A. 2018 Supp. 60-456(a). Under K.S.A. 2018 Supp. 60-456(a), a nonexpert's opinion testimony is admissible when those opinions are rationally based on the perception of the witness; are helpful to a clearer understanding of the witness' testimony; and are not based on scientific, technical, or other specialized knowledge described later in the statute.

In *City of Neodesha v. BP Corporation*, 50 Kan. App. 2d 731, 767, 334 P.3d 830 (2014), another panel of this court upheld the district court's admission of nonexpert opinion testimony from several witnesses based on K.S.A. 60-456(a). The district court allowed several witnesses to provide nonexpert opinion testimony about an alleged contamination risk. One witness was a site manager who reviewed several risk assessments. Based on her knowledge of those assessments, she testified there was no risk of contamination. Another witness tested groundwater wells at the site for six years. Based on his work, he testified chemical concentrations in the groundwater had decreased. On appeal, the panel affirmed the lower court's admission of the testimony

because their nonexpert opinions were based on their actual knowledge of the facts and circumstances of the case. 50 Kan. App. 2d at 767.

Like the witnesses in *City of Neodesha*, Detwiler testified about his opinion of Overton's actions based on his personal observations at the time of the incident. During his deposition, Detwiler testified he left the tavern and walked east on Fourth Street along the north side of the road. Detwiler noted westbound traffic "would have come at me head-on, not from my back." Detwiler walked between the gravel and grass on the side of the road. Detwiler explained as he was walking down the road from the tavern, he heard something behind him, turned, saw two headlights, and was hit by Overton's pickup. Detwiler claimed the pickup hit his right shoulder. He also testified he believed Overton intentionally hit him with his pickup. Overton responded in his deposition he drove his pickup east on Fourth Street along the south side of the road. For Overton to hit Detwiler, he would have had to cross over from the south side of Fourth Street to the north side of Fourth Street. Detwiler's testimony reflects Overton's pickup hit him after the pickup crossed over to the wrong side of the road. After that, the two men fought. Based on Detwiler's own experiences, he testified he believed Overton acted intentionally. His opinion was supported by his actual knowledge and observations about how Overton drove his pickup. See *City of Neodesha*, 50 Kan. App. 2d at 767. The district court did not err in finding the deposition testimony was admissible.

The only admissible facts established Overton acted intentionally and committed a battery when he hit Detwiler with his pickup. See *Baska*, 283 Kan. at 756; PIK Civ. 4th 127.02 (2018 Supp.). Detwiler had one year to bring his claims against Overton but failed to do so. K.S.A. 60-514(b) controls and bars Detwiler's claims. The district court did not err in granting summary judgment for Overton based on Detwiler's deposition testimony Overton acted intentionally.

Affirmed.